164 A.3d 1059

IN THE MATTER OF JONATHAN GREENMAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 010132003)

July 19, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–109 and DRB 16–169, concluding that **JONATHAN GREENMAN**, formerly of **FAIR LAWN**, who was admitted to the bar of this State in 2003, and who has been suspended from the practice of law since February 20, 2015, should be suspended from practice for a period of three years for his unethical conduct established in DRB 16–109 and DRB 16–169;

And DRB 16–109 having been before the Board as matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(Ё)(4), based on discipline imposed on respondent in the United States Bankruptcy Court, for unethical conduct that in New Jersey violates *RPC* 1.1 (lack of competency), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate with the client), and *RPC* 3.3 (lack of candor before a tribunal);

And DRB 16–169 having been before the Board pursuant to *Rule* 1:20–4(f)(default by respondent) and respondent having been deemed to have admitted violations of *RPC* 8.1(b)(failure to cooperate with disciplinary authorities), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And good cause appearing;

It is ORDERED that **JONATHAN GREENMAN** is suspended from the practice of law for a period of three years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.